CONTRIS, D. B. A. PIONEER BAR, APPELLANT, *v.* BOARD OF LIQUOR CONTROL, APPELLEE.

(No. 5719—Decided November 27, 1957.)

*Mr. Abraham Gertner* and *Messrs. Durbin, Navarre & Rizor,,* for appellant.

*Mr. William Saxbe,* attorney general, *Mr. S. Noel Melvin* and *Mr. Chester Hummel,* for appellee.

DEEDS, J. This appeal is on questions of law from a judgment of the Court of Common Pleas of Franklin County dismissing the appeal from and affirming the order of the Board of Liquor Control suspending appellant's Class C-2, D-1, D-2 and D-3 permits.

The finding and determination by the Court of Common Pleas, pertinent to a consideration of this appeal, are as follows:

"This cause came on to be heard upon an appeal from the Board of Liquor Control, and the same was submitted to the court by the Assignment Commissioner for failure of appellant to comply with Rule XXI-A of the rules of this court. Upon consideration whereof, the court ordered said appeal dismissed for lack of compliance therewith.

"Whereupon the appellant filed a motion for reconsidera-

tion and application for permission to file briefs and the cause was heard upon memoranda of counsel. Upon consideration whereof, the court finds the motion not well taken and overrules the same and affirms its original decision.

"It is therefore, ordered, adjudged and decreed that the within appeal be, and the same is hereby dismissed for want of prosecution, and that the order of the board be affirmed."

Appellant has presented an assignment of errors as follows:

"1. The court erred in dismissing the appeal.

"2. The court erred in affirming the order of the Board of Liquor Control without finding that the order is supported by reliable, probative and substantial evidence.

"3. The court erred in affirming the order of the Board of Liquor Control without even considering the transcript of the record.

"4. The court erred in refusing to grant appellant permission to file briefs.

"5. The court erred in sustaining the validity of Rule XXI-A of the Franklin County Common Pleas Court.

"6. The court erred in its administration of Rule XXI-A of the Franklin County Common Pleas Court.

"7. The court erred in affirming the finding, decision and order of the Board of Liquor Control which is contrary to the weight of the evidence and is not supported by competent, admissible, substantial or probative evidence in the record.

"8. Other errors apparent upon the record in the proceedings to the prejudice of the appellant."

Rule XXI-A of the Franklin County Common Pleas Court provides as follows:

"Unless otherwise provided by law or ordered by a judge of this court, briefs shall be filed as follows in all cases on appeal from an agency of this state, except appeals from the Industrial Commission:

"Brief for the appellant shall be filed within twenty (20) days after the filing of the transcript of the record; brief for the appellee shall be filed within ten (10) days after the filing of the brief of appellant and reply brief shall be filed within five (5) days after the filing of appellee's brief.

"Proof of service of a brief upon opposing parties or their counsel shall accompany each brief.

"An application for extension of time in which to file briefs in any case shall be by motion submitted to the judge sitting in the Equity Court Room.

"In all cases, in which demand or request to the agency by the appellant is a prerequisite to the preparation or filing of the transcript of the record by the agency, such demand or request shall be filed by the appellant with the agency at the time of filing the notice of appeal, unless otherwise provided by law.

"Upon failure of the appellant to file his brief or his demand for a transcript of the record, as herein required, unless good cause be shown to the contrary, the case may be dismissed for want of prosecution, or otherwise disposed of at the discretion of the court.

"After thirty-five (35) days after the filing of the transcript of the record, unless additional time for the filing of briefs shall have been allowed by the court, the Assignment Commissioner shall send the case to the court in accordance with the rules or orders of the court. *The case will be considered as submitted on the briefs unless oral argument is requested in a brief.* Oral arguments shall not exceed fifteen (15) minutes per side unless extended by the court." (Emphasis added.)

The appeal to the Court of Common Pleas from the order of the Board of Liquor Control was pursuant to Section 119.12, Revised Code.

The provisions of Section 119.12 of the Revised Code, pertinent in a determination of this appeal, are as follows:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Court of Common Pleas of Franklin County.

"\* \* \*

"Within ten days, or within such period as is authorized by law, after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the

case. Such record shall be prepared and transcribed and the expense thereof shall be taxed as a part of the costs on the appeal. The appellant must provide security for costs satisfactory to the Court of Common Pleas. Upon demand by any interested party, the agency shall furnish at the cost of the party requesting it a copy of the stenographic report of testimony offered and evidence submitted at any hearing and a copy of the complete record.

"Unless otherwise provided by law, in the hearing of the appeal the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.

"The court shall conduct a hearing on such appeal and shall give preference to all proceedings under Sections 119.01 to 119.13, inclusive, of the Revised Code, over all other civil cases, irrespective of the position of the proceedings on the calendar of the court. The hearing in the Court of Common Pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence.

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code."

We find and determine that the Legislature intended that the appellant is entitled to a hearing on the appeal in the Court of Common Pleas.

It is our view that the provision for a hearing on the appeal in the Court of Common Pleas is mandatory.

The pertinent provision of Section 119.12, Revised Code, respecting a hearing on the appeal is as follows:

"The court shall conduct a hearing on such appeal and shall give preference to all proceedings under Sections 119.01 to 119.13, inclusive, of the Revised Code, over all other civil cases, irrespective of the position of the proceedings on the calendar of the court. The hearing in the Court of Common Pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence."

The right to a hearing implies that the appellant is entitled to notice of the time at which the hearing will be held.

The appellant received no notice of a hearing, and there was no hearing on the appeal in the Court of Common Pleas.

The Court of Common Pleas dismissed the appeal and affirmed the order of the board for the failure of the appellant to file a brief as provided in Rule XXI-A of the Court of Common Pleas of Franklin County.

This court is not required to find and we do not determine that Rule XXI-A of the Court of Common Pleas of Franklin County is void and that the court is without authority to adopt rules applicable to the filing of briefs in appeals of this character. See *Van Ingen* v. *Berger,* 82 Ohio St., 255, 92 N. E., 433.

We find that the Court of Common Pleas erred in dismissing the appeal and affirming the order of the board without a hearing or notice of the time for a hearing, contrary to the mandatory requirements of Section 119.12 of the Revised Code and the decision of the Supreme Court in *Andrews* v. *Board of Liquor Control,* 164 Ohio St., 275, 131 N. E. (2d), 390.

The first paragraph of the syllabus in the *Andrews case, supra,* is as follows:

"Under Section 154-73, General Code, as amended in 1951 (Section 119.12, Revised Code), in an appeal from the Board of Liquor Control to the Court of Common Pleas of Franklin County, that court must give consideration to the entire record before the Board of Liquor Control, including all evidence offered before the board, and such additional evidence as the court may admit, and must appraise all such evidence as to the credibility of witnesses, the probative character of the evidence and the weight to be given it, and, if from such a consideration it finds that the board's order is not supported by reliable, probative and substantial evidence and is not in accordance with law, the court is authorized to reverse, vacate, or modify the order of the board."

It is stated in the opinion in the *Andrews case,* at page 279, in part:

"It is the contention of the board, and that contention is approved in the opinion of the Court of Appeals, that the 1951 amendment of Section 154-73, General Code, did not change the nature of an appeal from an administrative agency from what was authorized before the amendment and pronounced in the *Farrand case, supra.* On the other hand, it is the contention of Andrews and Rufo that the nature of the appeal was radically changed by the amendment and that now such appeal contemplates a trial *de novo.*

"In our opinion, the contention of neither party is entirely correct.

"The appeal in the Common Pleas Court can not be a trial *de novo,* for the reason that the court is limited to an examination of the record of the hearing before the administrative agency and such additional evidence as the court, in its discretion, may allow to be presented upon the theory that it is newly discovered.

"It is obvious that, if the General Assembly had intended the appeal provision to afford a trial *de novo,* the court would be required to hear all material, relevant and probative evidence which either party might desire to present. On the other hand, the language in the amendment of 1951 extends the authority of the Common Pleas Court, upon appeal, beyond that court's former authority which did not permit it to substitute

its judgment for that of the agency and which confined it to determining the rights of the parties in accordance with the statutes and law applicable.

"The 1951 amendment provides for a consideration of the entire record of the agency and such additional evidence as the court may admit, and from a consideration thereof for a finding whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Where the Common Pleas Court can not make such a finding, it is authorized to reverse, vacate or modify the order of the agency.

"Although the amendment falls short of providing for a trial *de novo*, it does provide for something beyond a mere law review as proclaimed in the *Farrand case*.

"The court must read and consider all the evidence offered by both sides and must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof. In other words, the court may reverse, vacate or modify the order of the agency, unless it finds that it 'is supported by reliable, probative and substantial evidence and is in accordance with law.'

"In our opinion, the 1951 amendment provided for a hybrid review of an agency's order before the Court of Common Pleas, which is one neither strictly of law nor of law and fact but is of the nature as we have hereinbefore described."

It is clear in our view that the foregoing statement from the opinion in the *Andrews case, supra* (164 Ohio St., 275), implies that the appellant is entitled to a hearing on the appeal in the Court of Common Pleas, especially if the statement in the opinion is considered with regard to the requirement of the law to the effect that "the court shall conduct a hearing on such appeal" and "the hearing in the Court of Common Pleas shall proceed as in the trial of a civil action."

We, therefore, determine that the appellant is entitled to a hearing, or notice, and to be afforded the opportunity to be heard on the appeal in the Court of Common Pleas, and that the court is required and "must read and consider all the evidence," etc., as determined by the Supreme Court in the *Andrews case, supra,* before passing upon the merits of the appeal.

The rule insofar as it provides for the filing of briefs is not

invalid in that it does not strictly conform to the language of the statute, Section 119.12, Revised Code, inasmuch as briefs filed within the rule would assure appellant the right to submit the briefs at the hearing on the appeal.

We find that appellant's assignments of error numbered 4, 7 and 8 are not well taken. The assignments of error numbered 5 and 6 are sustained to the extent stated herein.

The judgment of the Court of Common Pleas is reversed, and the cause is remanded for hearing and a decision on the appeal accordingly.

The judgment is reversed and the cause remanded for hearing.

*Judgment reversed.*

HORNBECK, J., concurs.

FESS, J., concurs in the judgment on the ground that the appellant was not accorded the right to show cause why the appeal should not be dismissed.

HORNBECK, J., of the Second Appellate District, and DEEDS and FESS, JJ., of the Sixth Appellate District, sitting by designation in the Tenth Appellate District.