CITY PRODUCTS CORPORATION, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5829. Decided January 28, 1958.

John T. Feighan, Anthony J. Trivison, Cleveland, Charles T. Kaps, Columbus, for appellant.

William Saxbe, Atty. Genl., John W. Leibold, Asst. Atty. Genl., Columbus, for appellee.

**OPINION**

By PETREE, PJ.

The cause is before this court upon an additional assignment of

error and motion for remand filed by the appellant on December 20, 1957. The motion sets forth as an additional assignment of error the failure of the Common Pleas Court to grant the appellant a hearing on its appeal from the order of the Board of Liquor Control and then moves that the Court of Appeals remand this case to the Court of Common Pleas for a full and complete hearing upon the appeal of this appellant from the Board of Liquor Control.

At the time this motion was filed, on December 20, this case, bearing No. 5829 in this court, was pending as an appeal on questions of law, pursuant to a notice of appeal filed on October 31, 1957, along with a precipe for transcript of docket and journal entries, together with all the original papers, including the bill of exceptions. Also on said date, October 31, 1957, a stipulation was filed in the Common Pleas Court which reads as follows:

"It is hereby stipulated and agreed by and between counsel for the appellant and counsel for the appellees that the papers filed in this cause in the Court of Common Pleas shall constitute the bill of exceptions in the Court of Appeals."

The papers in the Common Pleas Court contain the proceedings and testimony, including the exhibits, before the Board of Liquor Control, together with the papers from the Director of Liquor Control which had been filed therein.

The matter proceeded to judgment on October 31, 1957, in the Common Pleas Court, and the journal entry approved by the attorney for the appellant, Mr. John T. Feighan, as well as by the Attorney General and assistants and signed by Judge Marshall, contains the following language:

"This cause came on to be considered from an order of the Board of Liquor Control suspending appellant's A-1 permit for a period of twenty-one (21) days. The cause was submitted to the court upon a transcript of proceedings and testimony before the Board of Liquor Control, the original papers, briefs and arguments of counsel. Upon consideration thereof, and being fully advised in the premises, the court finds that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence and is in accordance with law and should be affirmed.

"It is, therefore, ORDERED, ADJUDGED AND DECREED that the order of the Board of Liquor Control be, and the same is, hereby affirmed. It appearing to the court that the appellant desires to appeal to the Court of Appeals, the restraining order, heretofore granted, is hereby continued until such time as this matter is finally determined. Bond continued. Costs to be taxed to the appellant.

"To all of which appellant excepts."

From the above entry, it would seem clear that a complete hearing was afforded this appellant as contemplated by §119.12 R. C. The pertinent language of that section is that the hearing in the Court of Common Pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing counsel may be heard

on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence. The requirement of the statute that the order of the Board be supported by reliable, probative, and substantial evidence was included in the finding of the Common Pleas Court.

There is no showing that the appellant either offered any new evidence or requested permission to offer any new evidence in the Common Pleas Court; but, on the other hand, it rested its case in the Common Pleas Court upon the evidence offered before the Board of Liquor Control. Therefore, we have the situation and the fact that the record discloses no new evidence was offered, but we have no complaint nor any refusal by the Common Pleas Court to admit further evidence. From this state of the record, it is our opinion that the Court of Common Pleas has afforded to the appellant the right to a full hearing as contemplated by the statutes of Ohio relating to such hearings.

The additional assignment of error is, therefore, not well taken, and the motion for remand will be denied.

MILLER, J, concurs.
BRYANT, J, not participating.