CLEERE, APPELLEE, *v.* INLAND MANUFACTURING DIVISION, GENERAL MOTORS CORP., APPELLANT.

(No. 2466—Decided January 16, 1959.)

*Mr. Kenneth Agee,* for appellee.

*Messrs. Smith, Schnacke & Compton* and *Mr. Ford W. Ekey,* for appellant.

WISEMAN, J. This is an appeal on questions of law from an order of the Common Pleas Court of Montgomery County vacating a prior order dismissing the case for want of prosecution.

Plaintiff's action was an appeal from an order of the Industrial Commission of Ohio denying his claim to benefits for an alleged injury. The petition was filed on April 5, 1954. The defendant filed an answer on April 21, 1954, which was in the nature of a general denial. Nothing was done in the matter and no papers were filed in the cause until April 2, 1957, on which date an entry was filed which reads as follows: "This case is dismissed at plaintiff's cost for want of prosecution. No record, judgment and execution awarded and costs." It appears that the court acted *sua sponte* in dismissing the action.

On February 28, 1958, an entry vacating the dismissal entry was filed which reads as. follows: "Upon application of the plaintiff, by his attorney, and upon good cause shown, the entry of April 2nd, 1957, dismissing this action for want of prosecution, is hereby vacated and set aside and this cause is reinstated on the docket and ordered assigned for trial."

Counsel for plaintiff practices law in Columbus, Ohio. Counsel for both plaintiff and defendant in their briefs have made certain representations to this court as to certain factual matters which are not controlling and which we cannot consider inasmuch as they do not appear of record. We can consider only matters of record.

Both counsel have briefed the questions presented in light of the statutory provisions applicable to ordinary civil actions. Although not determinative, we first discuss the Code sections applicable to ordinary civil actions, inasmuch as counsel have approached the questions involved from this viewpoint.

The defendant contends that there has not been a compliance with the provisions of Section 2325.01, Revised Code, which prescribes the procedure for vacation of a final order, judgment or decree after term. The order made on April 2, 1957, dismissing the action for want of prosecution would fall, if at all, in the category of those matters mentioned in paragraph (C), to wit:

"For mistake, neglect, or omission of the clerk, or *irregularity in obtaining a judgment or order.*" (Emphasis ours.)

Under Section 2325.04, Revised Code, such proceeding to vacate "shall be by motion." The entry filed February 28, 1958, recites that the matter came on to be heard "upon the application of the plaintiff." The application may be regarded as a motion.

Section 2323.05, Revised Code, which prescribes the conditions under which an action may be dismissed without prejudice provides as follows:

"An action may be dismissed without prejudice to a future action;

"(A) By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court;

"(B) By the court, when the plaintiff fails to appear at the trial;

"(C) By the court, for the want of necessary parties;

"(D) By the court, on the application of some of the defendants, when there are others whom the plaintiff fails to prosecute with diligence;

"(E) By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action;

"(F) By the plaintiff, in vacation, on payment of costs.

"The clerk shall forthwith make an entry thereof on the journal, whereupon the dismissal shall take effect. This section does not apply to an appeal on questions of law, or a case in which a counterclaim has been filed.

"In all other cases the decision must be on the merits, upon the trial of the action."

It will be observed that the record does not show that the action was dismissed upon any of the grounds mentioned in the above section. If none of the enumerated grounds are shown to exist, the action can be dismissed only under this section upon the trial of the action, as stated in the last paragraph.

Section 2323.04, Revised Code, provides:

"The court may dismiss a petition with costs in favor of one or more defendants *in case of unreasonable neglect on the part of the plaintiff* to serve the summons on other defendants, or *to proceed in the cause against the defendants served.*" (Emphasis ours.)

In the entry of dismissal dated April 2, 1957, it is stated that the case is dismissed "for want of prosecution." The provisions of Section 2323.04, Revised Code, authorize such an order in the ordinary civil action. However, in the entry vacating the dismissal order dated February 28, 1958, the court finds "good cause" for vacation. In the absence of evidence

in the record to the contrary, and there is none, we are required to indulge the presumption in favor of the validity of the order or judgment under review, and of the regularity and legality of the proceedings below. 3 Ohio Jurisprudence (2d), 666, Sections 714, 715. See 17 Ohio Jurisprudence (2d), 617, 619, Sections 12, 14, on the subject of involuntary termination of actions.

However, we do not classify this action as an ordinary civil action for the reason that sections of the Code, other than those above cited, apply. If the dismissal order was an invalid order, the court very properly vacated such order, and no error was committed. We consider whether the dismissal order was a valid order. Section 1465-90, General Code, under which this appeal was taken, required the court to certify the finding of the court or verdict of the jury to the Industrial Commission, and provided further:

"No such certificate shall be placed upon the record of judgments until such certificate has been submitted to the Attorney General and *no entry except an entry setting forth the trial of the case and the verdict of the jury shall be placed upon the record of the court until such entry has been so submitted.*" (Emphasis ours.)

The record does not show a compliance with the provisions of that section.

In *Roma* v. *Industrial Commission,* 97 Ohio St., 247, 119 N. E., 461, where the action was dismissed otherwise than on the merits, the court, on page 252, said:

"To defeat the right of this claimant under these circumstances otherwise than on the merits of the controversy would be entirely out of accord with the principles and objects sought to be attained by the Workmen's Compensation Act."

The rationale of this statement is that the action instituted by the claimant may not be dismissed without a hearing first had. The Workmen's Compensation Act must be construed liberally in favor of the claimant. After a careful consideration of the provisions of the Act, we are of the opinion that the action of the claimant instituted in the Court of Common Pleas may not be dismissed without a hearing and without notice, which was done in the case at bar.

In support of the view we take in this case, we cite the

opinion of the Court of Appeals of the Tenth Appellate District, in *Contris* v. *Board of Liquor Control,* 105 Ohio App., 287, 152 N. E. (2d), 327, wherein the facts are somewhat similar, and the question involved bears a close analogy to the question presented here. In the *Contris case,* which was an appeal based on an order of the Board of Liquor Control, the Court of Common Pleas dismissed the appeal and affirmed the order of the board for failure of the appellant to file a brief as provided in the rules of the Court of Common Pleas. The Court of Appeals held that the Court of Common Pleas erred in dismissing the appeal and affirming the order of the board without a hearing or notice of the time for a hearing, contrary to the mandatory requirements of Section 119.12 of the Revised Code, which provides that "the court shall conduct a hearing on such appeal * * *." Section 119.12, Revised Code (formerly Section 154-73, General Code), is a part of the Administrative Procedure Act and applies with equal force to the prosecution of claims under the Workmen's Compensation Act. Section 154-62, General Code (now Section 119.01, Revised Code), enumerated the agencies of the state government embraced in the Administrative Procedure Act, one of which is the Industrial Commission. Moreover, Section 1465-90, General Code, contained a provision similar to the provision in Section 119.12, Revised Code, above quoted, which is as follows:

"* * * the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence * * *."

The statute contemplates a hearing. The order dismissing the action without a hearing and without notice to the claimant was an invalid order. No error was committed in vacating such order. We find no assignment of error well made.

*Judgment affirmed.*

HORNBECK, P. J., and CRAWFORD, J., concur.