LOPEZ, Plaintiff-Appellee, v. SCANLON, Admr. et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25520.   Decided June 1, 1961.

Messrs. *Fleck & Fleck*, for plaintiff-appellee.

Mr. *Mark McElroy*, attorney general, and Mr. *Owen J. McCafferty*, assistant attorney general, for defendant-appellant James L. Young, Administrator, etc.

Messrs. *Jones, Day, Cockley & Reavis*, for defendant-appellant Jones & Laughlin Steel Corp.

(HUNSICKER and DOYLE, JJ., of the Ninth District, and GUERNSEY, P. J., of the Third District, sitting by designation in the Eighth District.)

HUNSICKER, P. J.   In this appeal on questions of law, the appellants, James L. Young, Administrator of the Bureau of Workmen's Compensation, and Jones & Laughlin Steel Corporation, seek to reverse a judgment that dismissed, for want of prosecution, an action in the Court of Common Pleas of Cuyahoga County, Ohio.   This action was an appeal by Primitivo G.

Lopez from an order of the Industrial Commission of Ohio, denying the claim of Mr. Lopez for further benefits under the Workmen's Compensation Act.

At the time the case was set for hearing, Primitivo G. Lopez did not appear, and the trial court then approved a journal entry which, in part, said: "* * * this cause is dismissed for want of prosecution."

The appellants insist that they were entitled to present their testimony and have judgment entered in their favor on the merits of the case. The appellants claim that a Court of Common Pleas has no authority to dismiss a pending Workmen's Compensation appeal for want of prosecution, and cite, as authority for such assertion, Section 4123.519, Revised Code. The appellants say the pertinent part of this section is:

"* * * The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action.

"The court shall certify its decision to the commission and such certificate shall be entered in the records of the court and appeal from such judgment shall be governed by the law applicable to the appeal of civil actions."

The latter paragraph as above quoted is a change in language from a section of the General Code dealing with the same subject. That paragraph was used as one of the bases of the conclusion reached in the case of *Cleere* v. *Inland Mfg. Div.*, etc., 109 Ohio App., 192, wherein that court said:

"3. An order of the Common Pleas Court dismissing an appeal from an order of the Industrial Commission for want of prosecution is invalid and is subject to vacation after term under the provisions of Section 2325.01 (C), Revised Code."

In the instant action, the matter was regularly assigned for trial, and counsel for all parties were notified of that fact. It was after the regular procedure in settling cases was followed that a failure-to-prosecute entry was journalized and the action thereupon dismissed. The Jones & Laughlin Steel Corporation, by its answer to the petition of Mr. Lopez, asked that the "petition and appeal be dismissed and that it go hence with its costs." By the dismissal of the action for want of prosecution, the relief asked by Jones & Laughlin had, in effect, been granted.

486

We determine herein that a trial court, in an appeal from a final order of the Industrial Commission, may, after the matter has been regularly assigned for trial, and counsel have been notified of that fact, dismiss such appeal for want of prosecution.

Although none of the parties herein has raised the issue, we do not see how the appellants are aggrieved parties. Jones & Laughlin Steel Corporation has secured all that it could claim in these proceedings—to wit, a dismissal by a trial court of the petition filed by a claimant.

Let us assume that a demurrer had been filed, and that the trial court, in sustaining the demurrer, had, in the journal entry, then dismissed the petition for failure to state a cause of action. Could it thereafter be claimed by an employer-appellant that the court should have proceeded to hear the matter and dismissed the case on the merits, there being no subsequent petition filed wherein a good cause of action was stated?

We believe the rule announced in *Ohio Contract Carriers Assn., Inc.,* v. *Public Utilities Comm. of Ohio,* 140 Ohio St., 160, is applicable in the within situation.

The judgment herein must be affirmed.

Judgment affirmed.

DOYLE and GUERNSEY, JJ., concur.