GRECIAN GARDENS, INC., D. B. A. GRECIAN GARDENS, APPELLANT, V.
BOARD OF LIQUOR CONTROL ET AL., APPELLEES.

(No. 7634—Decided August 4, 1964.)

*Mr. John A. Pullins,* for appellant.
*Mr. William B. Saxbe,* attorney general, *Mr. John R. Cole* and *Mr. James E. Rattan,* for appellees.

*Per Curiam.* This is an appeal from an order of the Common Pleas Court of Franklin County in a proceeding under Section 119.12, Revised Code. The appellant properly perfected an appeal from the Ohio Board of Liquor Control to the Common Pleas Court.

The order of the court, as pertinent here, provides:

"This cause came on to be heard upon the appeal of the

plaintiff-permit holder from the order and decision of the Liquor Control Commission; the case was called for hearing and on oral motion of defendant to dismiss the appeal for failure to comply with Rule XXI-A of the Rules of the Franklin County Common Pleas Court; the court finds that plaintiff filed its notice of appeal on August 8, 1963; that the transcript of the proceedings was filed on August 27, 1963; that plaintiff was notified of the time, date and place of hearing of the appeal; that plaintiff was not present at said hearing; that plaintiff has not filed a brief as required by Rule XXI-A of the Rules of the Franklin County Common Pleas Court which said Rule XXI-A says 'Brief for the appellant shall be filed within twenty (20) days after the filing of the transcript of the record; * * *' and that leave not having been granted for an extension of time; the court finds said motion to dismiss well taken and sustains the same.

"It is, therefore, ordered, adjudged and decreed that the herein appeal be dismissed and that the order and decision of the Liquor Control Commission be affirmed."

Rule XXI-A of the Rules of Practice of the Common Pleas Court deals with procedures in appeals from state agencies other than the Industrial Commission. The sixth paragraph of that rule states:

"Upon failure of the appellant to file his brief or his demand for a transcript of the record, as herein required, unless good cause be shown to the contrary, the case may be dismissed for want of prosecution, or otherwise disposed of at the discretion of the court."

The question presented is whether Rule XXI-A and the order of the court are in conflict with the provisions of Section 119.12, Revised Code.

The Common Pleas Court has the power to establish rules of procedure insofar as they do not conflict with the statutes. No question has been raised as to the procedures prescribed. The appellant's objection is to the enforcement of the procedure by the device of dismissal without consideration of the merits. In our opinion, Section 119.12, Revised Code, does not permit the dismissal of such an appeal without examination of the record to find whether the order is or is not supported by "reliable, probative and substantial evidence." The order of the

court here shows on its face that no such determination was made.

Rules of the court may, of course, be enforced in several ways, one of which is contempt. However, the sixth paragraph of Rule XXI-A, insofar as it authorizes dismissal of such an appeal without the finding required by statute, is invalid.

The judgment of dismissal is reversed and the cause is remanded for further proceedings.

*Judgment reversed.*

BRYANT, P. J., DUFFEY and TROOP, JJ., concur.

BRYANT, P. J., concurring. I concur upon the authority of the decision of this court in *Contris* v. *Board of Liquor Control* (1957), 105 Ohio App., 287, and of the Court of Appeals for Montgomery County in *Cleere* v. *Inland Manufacturing Div., General Motors Corp.* (1959), 109 Ohio App., 192, 196.