GIL LIEBER BUICK OLDSMOBILE, INC. ET AL., APPELLANTS, *v.* STATE OF OHIO, MOTOR VEHICLE DEALERS BOARD, APPELLEE.

(No. 83AP-779—Decided
April 26, 1984.)

*Mr. Jonathan S. Rocker,* for appellants.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. B. Douglas Anderson, Mr. Michael E. Rovinski, Messrs. Vorys, Sater, Seymour & Pease, Mr. Terry M. Miller* and *Ms. Virginia M. Trethewey,* for appellee.

WHITESIDE, J. This is an appeal by Gil Lieber Buick Oldsmobile, Inc. et al., from a judgment of the Court of Common Pleas of Franklin County affirming an order of the Ohio Motor Vehicle Dealers Board and dismissing the appeal from that board. Appellants raise five assignments of error, as follows:

"1. The * * * court committed an abuse of discretion by failing to abide by the specific requirement of Revised Code of Ohio, Section 119.12, which mandates that a hearing be held on an appeal from an order of an administrative agency.

"2. The failure of the court below to afford a hearing to plaintiff[s]/appellants is violative of Article I, Section 16 of the Constitution of the state of Ohio.

"3. Appellants, in the court below, were denied the right of due process of law under the Constitution of the United States, Amendment No. 5 and Amendment No. 14.

"4. Application of Local Rule 47 of the Court of Common Pleas of Franklin County in this case constitutes a conflict with the Rules of Civil Procedure promulgated by the Supreme Court of Ohio.

"5. The trial court entered summary judgment without having presented to it a motion for such action and without notice to the parties; both acts being in violation of Civil Rule 56."

The issue raised by the first assignment of error is whether the trial court prematurely determined the issues upon the appeal since no hearing date was set, no briefs were filed, no hearing was held or oral argument made, in this administrative appeal which is governed by R.C. 119.12, which provides in pertinent part:

"The court shall conduct a hearing on such appeal * * *. The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence."

Appellee relies upon Local Rule 47.02 of the Court of Common Pleas of Franklin County, General Division ("Local Rule 47.02"), as being controlling and dispensing with the requirement of a hearing, said rule providing in pertinent part as follows:

"*Where the time for filing is not fixed by statute or rule of the Supreme Court,* the Appellant shall file a brief within twenty (20) days after the filing of the transcript of the record; * * *.

"* * *

"Upon the expiration of the time for filing of the last brief, the case will be considered as submitted upon the briefs unless oral argument is requested in writing and granted by the judge to whom the case is assigned or is required by law. Such argument shall not exceed fifteen (15) minutes per side unless extended by such judge." (Emphasis added.)

In support of its position, appellee board relies upon the unreported decision of this court in *House of Esther Marie* v. *State of Ohio, Dept. of Health* (Dec. 3, 1981), Franklin App. No. 81AP-304. However, *House of Esther Marie* is neither controlling nor per-

suasive in this situation since: (1) a different issue was involved and determined; (2) if construed in the manner contended by appellee board, it would be in conflict with reported decisions of this court; and (3) the portion relied upon by appellee board is only dicta in *House of Esther Marie.*

In *House of Esther Marie,* we did find Local Rule 47.02 not to be irreconcilably in conflict with R.C. 119.12 but limited consideration to only one aspect of the rule by the language that: "The essence of Local Rule 47.02 is that, if counsel does not request an opportunity for oral argument prior to the time the last brief must be filed, he is deemed to have waived his right to oral argument." *Id.* at page 6. There is no discussion in *House of Esther Marie* as to the time within which the brief must be filed or the rule that determines that issue. In other words, no issue was raised or determined in *House of Esther Marie* as to when the appellant's brief must be filed in an RC. 119.12 appeal. Instead, that case dealt only with a waiver of oral argument if not requested within the time for filing such brief. Thus, even if it otherwise could, *House of Esther Marie* constitutes no authority upon the issue of time for filing appellant's brief in an R.C 119.12 appeal, an issue neither raised nor determined in that case. See *State, ex rel. Gordon,* v. *Rhodes* (1952), 158 Ohio St. 129 [48 O.O. 64].

In considering the applicable provision of R.C. 119.12 and an earlier version of the same rule of the Court of Common Pleas of Franklin County, neither of which have been significantly amended, this court in *Contris* v. *Bd. of Liquor Control* (1957), 105 Ohio App. 287, 291 [6 O.O.2d 91], expressly held with respect to an almost identical rule, identical statute, and identical situation, that the provision of R.C. 119.12 for a hearing in an administrative appeal is mandatory and that the appellant is entitled to notice of the time of such hearing. As here, the trial court had both affirmed the action of the board and dismissed the appeal. This court stated at 291 of *Contris*:

"The right to a hearing implies that the appellant is entitled to notice of the time at which the hearing will be held.

"The appellant received no notice of a hearing, and there was no hearing on the appeal in the Court of Common Pleas.

"The Court of Common Pleas dismissed the appeal and affirmed the order of the board for the failure of the appellant to file a brief * * *.

"* * *

"We find that the Court of Common Pleas erred in dismissing the appeal and affirming the order of the board without a hearing or notice of the time for a hearing, contrary to the mandatory requirements of Section 119.12 of the Revised Code * * *."

In conclusion, this court stated at page 293:

"We, therefore, determine that the appellant is entitled to a hearing, or notice, and to be afforded the opportunity to be heard on the appeal in the Court of Common Pleas * * *." See, also, *City Products Corp.* v. *Bd. of Liquor Control* (1958), 106 Ohio App. 494 [7 O.O.2d 225]; *Cleere* v. *Inland Mfg. Div., Gen. Motors Corp.* (1959), 109 Ohio App. 192 [10 O.O.2d 402]; and *Grecian Gardens, Inc.* v. *Bd. of Liquor Control* (1964), 2 Ohio App. 2d 112 [30 O.O.2d 168].

These are all reported cases; whereas, our decision in *House of Esther Marie* is unreported, which, pursuant to Rule 2(G)(1) of the Supreme Court Rules for the Reporting of Opinions, "shall not be considered controlling authority in the judicial district in which it was decided except between the parties thereto * * *."

Nevertheless, *House of Esther Marie* did not consider the basic question before us, that is, when does the time for appellant to file his brief in the

trial court expire. Pursuant to the reported cases, this does not occur until the trial court has set a date for hearing and given notice to appellant of that date, the date of hearing being the time for submission of appellant's brief pursuant to R.C. 119.12. This is in no way in conflict with Local Rule 47.02, which commences with the words: "Where the time for filing is not fixed by statute * * *." Here, as we have noted, the time for filing is fixed by statute as being the time of the hearing set by the trial court.

Unfortunately, neither the trial court, nor this court in *House of Esther Marie,* nor the parties hereto, have referred to another rule of the trial court which clearly applies to the situation, namely, Local Rule 47.01, which provides that:

"Where the time for filing bills of exceptions, assignments of errors and briefs are fixed by statute or by rule of Supreme Court, they shall be filed within such time or extension thereof as may be granted in writing by the judge to whom the case is assigned after notice to opposing counsel or party. Upon the expiration of such time as extended, the assignment commissioner shall send the case to the judge to whom the case is assigned and the case will be considered as submitted on the briefs unless oral argument is requested in writing and granted by such judge. When granted, such oral argument shall not exceed fifteen (15) minutes per side unless extended by the judge."

This is the rule that should have been under consideration in *House of Esther Marie* pertaining to waiver of oral argument in those situations where the time for filing briefs is established by statute such as R.C. 119.12. Thus, this court in *House of Esther Marie* held that, by failing to request oral argument, it was waived, and the "hearing" before the court could be upon written arguments, namely briefs, rather than oral argument. We need not review that

issue in this case because it is not raised. Rather, the sole issue before us is whether or not the trial court acted prematurely; that is, whether the time for filing briefs had expired when the trial court rendered its decision. We find that it had not. We elect not to overrule our decision in *Contris, supra,* but, instead, hold that, pursuant to R.C. 119.12, the court of common pleas must set a date for hearing of the appeal and that the brief of the appellant may be filed at any time up until the time set for that hearing. Whether an actual oral hearing must be held or can be deemed waived if not requested is not before us in this case, so that we have no occasion to review the unreported decision in *House of Esther Marie.* Accordingly, the first assignment of error is well-taken.

The second assignment of error, however, is not well-taken, inasmuch as it raises an Ohio constitutional issue as to right of hearing, while neither Local Rule 47.01, 47.02, nor R.C. 119.12 denies such a hearing. All three permit briefs to be filed and argument to be presented in that fashion. R.C. 119.12 establishes the time for filing of briefs as being determined by a date to be fixed by the trial court for hearing upon the administrative appeal. Since the matter is controlled by statute, which does not deny a hearing, no constitutional right to hearing is involved.

The same is true with respect to the third assignment of error, which raises the same issue with respect to the federal constitutional right of due process. R.C. 119.12 affords due process as we have noted. The error of the trial court was in not applying and following that statute in accordance with previously controlling authority as to the application of R.C. 119.12 set forth in the reported opinion in *Contris, supra.* The third assignment of error is not well-taken.

We find no conflict between Local Rule 47 of the Court of Common Pleas

of Franklin County, General Division, and the Rules of Civil Procedure, which are pertinent to this case. Where no evidence is to be adduced, a hearing can involve either an oral or a written presentation, or both. R.C. 119.12 requires at a minimum a hearing at which written argument may be presented, although it also refers to oral argument. We need not in this case review the issue determined in the unreported opinion in *House of Esther Marie* to the effect that the right to present oral argument at a hearing may be waived by failure specifically to request it in accordance with a local rule. The fourth assignment of error is not well-taken.

The trial court did not consider the matter as one for summary judgment, and no motion was made and no procedure in accordance with Civ. R. 56 was followed. Since summary judgment was not involved, the trial court did not err in not following the provisions of Civ. R. 56. The fifth assignment of error is not well-taken.

For the foregoing reasons, the first assignment of error is sustained, and the remaining four assignments of error are overruled. The judgment of the Court of Common Pleas of Franklin County is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed and cause remanded.*

McCormac, P.J., concurs.

Moyer, J., dissents.

Moyer, J., dissenting.

I dissent from the opinion of the majority because our holding in the *House of Esther Marie* v. *State of Ohio, Dept. of Health* (Dec. 3, 1981), Franklin App. No. 81AP-304, unreported, cannot be distinguished and applies to this case. Therefore, I would affirm the judgment of the trial court.