OPINION
In this appeal, we are required to decide: (1) whether a trial court must first hold an oral evidentiary hearing before ruling on a motion for prejudgment interest under R.C. 1343.03(C); and (2) whether a trial court abuses its discretion by denying a motion for prejudgment interest before the moving party has had an opportunity to conduct discovery when the movant, having failed to demonstrate her own good faith settlement efforts, has asked the court to hold the hearing thirty days after her initial motion in order that she might obtain discovery of an insurance carrier's claim file and depose the adjuster to develop evidence of the respondent's lack of good faith in settling the matter.
We conclude that a trial court is not required to hold an oral evidentiary hearing prior to ruling on a motion for prejudgment interest if neither party has demonstrated the existence of a genuine issue of fact material to that issue, and no genuine issue of fact material to the issue of prejudgment interest is apparent in the record. We also conclude that the trial court in this case did not abuse its discretion by ruling on the prejudgment interest motion without first allowing the movant discovery concerning the respondent's lack of good faith, because the movant had failed to make any showing that she had made a good-faith effort to settle. Since a movant's good-faith effort to settle the litigation is a prerequisite for an award of prejudgment interest, her failure to make any showing that she had made a good-faith effort to settle rendered the respondent's lack of good faith immaterial. Accordingly, the judgment of the trial court is Affirmed.
 I
In 1999, plaintiff-appellant Sheila Goudy filed a complaint for injuries she suffered as a result of an automobile accident caused by the negligence of Richard C. Stockton, deceased. Goudy substituted Rosemary Stockton, executrix of Stockton's estate, as defendant. The complaint demanded judgment in the amount of $100,000. The estate admitted negligence, but contested the claim on the grounds that Goudy's injuries were not proximately caused by the accident and that other damages she claimed did not relate to the crash, but instead were the result of an injury she had sustained fifteen years earlier.
Arbitration resulted in an award to Goudy in the amount of $5,680, plus interest. The estate appealed from the arbitration award, and the matter proceeded to a jury trial. The jury awarded Goudy $4,680. Goudy then moved for an award of prejudgment interest, pursuant to R.C. 1343.03(C). In her motion, she requested a hearing and also asked for time to conduct discovery of Stockton's insurance carrier's (Allstate Insurance Company) claim file and to depose the insurance adjuster. But she failed to attach a memorandum in support of her motion, and neither mentioned nor attached any evidence that she had attempted to settle the case in good faith, or that the estate had failed to make a good-faith effort to settle. In response, the estate outlined its position regarding settlement and the proceedings prior to arbitration and trial. Goudy filed no reply. Two weeks later, the trial court denied Goudy's motion, without an oral evidentiary hearing. From the court's denial of her motion for prejudgment interest, Goudy appeals.
 II
As a preliminary matter, we note that Goudy's counsel has failed to attach copies of all unreported opinions cited in his brief as required by Loc.R. 9 of this court. Counsel is requested to observe this rule in the future.
Goudy's Assignment of Error states:
 THE TRAIL [SIC] COURT ERRED IN DENYING A MOTION FOR PREJUDGMENT INTEREST PURSUANT [SIC] OHIO REVISED CODE ~ 1343.03(C), WITHOUT AN EVIDENTIARY HEARING
 A
Goudy argues that the court erred by ruling on her motion without first holding an evidentiary hearing to allow her to present evidence, as required under R.C.1343.03(C). The estate argues that the court was not required to conduct an oral evidentiary hearing under R.C. 1343.03(C), where it had observed the parties' in-court and out-of-court settlement efforts, listened to the evidence adduced at trial, and reviewed Goudy's motion for prejudgment interest and the estate's memorandum contra. Simply put, Stockton claims a non-oral hearing on the parties' memoranda was sufficient to meet the hearing requirement of R.C. 1343.03(C).
We agree with Stockton. R.C. 1343.03(C) allows a trial court to award prejudgment interest in tort cases where the moving party proves that it made a good-faith effort to settle and that the party who is to pay the money failed to make a reciprocal effort. It states:
 Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
(Emphasis added.)
Although a hearing is required under R.C. 1343.03(C), it does not follow that a court must always hold an oral hearing before ruling on a motion or prejudgment interest. Galmish v. Cicchini (2000),90 Ohio St.3d 22, 33, 734 N.E.2d 782, 793, citing Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331, 347. In Galmish, the trial court awarded Galmish prejudgment interest based upon: (1) Galmish's oral argument at a prejudgment interest hearing that she offered to settle the case, which Cicchini neither disputed nor rebutted, and that Cicchini made no reciprocal offers; and (2) the court's understanding of the parties' settlement efforts throughout the course of the litigation.
In Galmish, the court did conduct an oral hearing on the motion prior to its decision. But Galmish does not specifically address whether a court must always hold an oral hearing prior to ruling a motion for prejudgment interest. We conclude that it would be poor judicial economy to require an evidentiary hearing on motions for prejudgment interest where neither party has made out a genuine issue of fact material to that issue, and we are not persuaded that Galmish requires that result. Thus, where no genuine issue of fact material to the issue of prejudgment interest has been shown to exist, the trial court may determine a party's motion for prejudgment interest based solely on the parties' arguments and the trial court's first-hand observations of the parties' settlement efforts throughout the course of litigation.
Like Civ.R. 56, which governs summary judgment proceedings, R.C.1343.03(C) speaks as though an oral hearing, even if only for oral argument, is absolutely required. However, Civ.R. 56 has not been interpreted so literally. Bognar v. Zayre Corp. (N.D.Ohio. 1988),702 F. Supp. 151, 157 citing Allied Chem. Corp. v. Mackay (5th Cir. 1983), 695 F.2d 854 (interpreting Fed. Civ.R. 56). We would be loathe to interpret R.C. 1343.03(C) to require a trial court to schedule an oral argument hearing in connection with every motion for prejudgment interest, even when the motion involves the routine application of settled law, which can be considered more conveniently, and more economically, by referring to written legal memoranda. See Wilson v. Alside, Inc. (Apr. 10, 1985), Summit App. No. 11667, unreported citing Gil Lieber Buick Oldsmobile, Inc. v. Motor Vehicle Dealers Bd. (1984),16 Ohio App.3d 124, 474 N.E.2d 691; Bitzer v. Lincoln Elec. Co. (1990),67 Ohio App.3d 53, 585 N.E.2d 978 ("A non-oral hearing on the motion papers is sufficient to meet the hearing requirement of the statute."). Thus, a trial court does not abuse its discretion by ruling on a motion for prejudgment interest without holding a hearing if the respondent has notice and the opportunity to respond to the movant's arguments, and the court determines that there are no genuine issues of fact material to the issue of prejudgment interest that would preclude resolution of the issue based upon the trial court's own observations of the parties' settlement efforts and its reading of their briefs. If, however, it appears that there are genuine issues of fact, then the court should hold an evidentiary hearing on the motion prior to rendering a decision.
In sum, we conclude that before Goudy was entitled to an evidentiary hearing on her motion, she was required to demonstrate the existence of a genuine issue of fact justifying a hearing. For example, Goudy could have filed an affidavit in support of her motion, averring her efforts to settle the case, together with a request for time to develop, through discovery, evidence of the estate's lack of good faith. Goudy can hardly claim that she needed discovery to demonstrate her own good faith effort to settle. R.C. 1343.03(C) requires a movant party to demonstrate both the movant's good faith efforts and the respondent's lack of good faith; since Goudy failed to demonstrate the existence of a genuine issue of fact material to the first requirement, there was nothing to justify the setting of an evidentiary hearing.
 B
Although it is not stated in this Assignment of Error, Goudy also argues that the trial court abused its discretion by failing to provide her with the opportunity to conduct discovery to supply the court with documentary evidence of the estate's lack of good faith in settlement negotiations. Her motion states:
 Now comes the plaintiff, by and through counsel, pursuant to Ohio Revised Code ~ 1343.03(C) and respectfully moves this Honorable Court for a grant of prejudgment interest., Plaintiff also requests that this Court schedule a hearing for the judgment interest in approximately 30 days to allow the plaintiff obtain discovery of the insurance claim file and take the deposition of the adjuster providing an evaluation of settlement authority in the matter.
(Emphasis added.)
A trial court possesses broad discretion to regulate the discovery process, and a judgment that prevents the requesting party from pursuing discovery will not be reversed unless the decision results in substantial prejudice. Clark Cty. Solid Waste Mfg. Dist. v. Danis Clarkco Landfill Co. (1996), 109 Ohio App.3d 19, 38, 671 N.E.2d 1034, 1047. Under certain circumstances, a court may abuse its discretion and its decision may result in substantial prejudice by failing to allow a moving party to obtain affidavits or conduct discovery. Cf. Cotterman v. Cleveland Elec. Illuminating Co. (1987), 34 Ohio St.3d 48, 57, 517 N.E.2d 536, 539
(Brown, J. dissenting opinion). It should be noted that the issue of the parties' good-faith efforts to settle litigation is not generally material to any issue in the litigation itself, so that discovery on that subject may not be available during the pendency of the litigation, and may even be inappropriate to the extent that it would permit a party to gain an unfair advantage by inquiring into work product and negotiating strategies. Often it will only be after the underlying claims have been adjudicated that it will become appropriate to permit inquiry into the parties' good faith efforts to settle, for purposes of resolving a claim for prejudgment interest.
We conclude that the trial court did not abuse its discretion or substantially prejudice Goudy's position by ruling on her motion for prejudgment interest without first having permitted her to conduct discovery concerning the estate's good faith efforts to settle. "It is incumbent on a party seeking an award [of prejudgment interest] to present evidence of a written (or something equally persuasive) offer to settle that was reasonable . . .[,]" unless the movant's settlement offer would be "a vain act" based on the non-moving party's statements that no settlement offer will be made. Moskovitz, supra; Galayda v. Lake Hosp. Sys., Inc. (1994), 71 Ohio St.3d 421, 429, 644 N.E.2d 298, 304. Since Goudy failed to show that she presented any settlement offer to the estate or that an offer would have been a vain act, discovery of Allstate's insurance claims file and the deposition of the adjuster would only bear upon whether the estate failed to make a good-faith effort to settle. Whether Goudy engaged in settlement discussions with the estate is a fact within her knowledge, and she could and should have asserted her efforts to settle the case in her initial filing or even in a reply to the estate's memorandum contra. In the absence of any indication that Goudy made a good-faith effort to settle the litigation, an award of prejudgment interest is unwarranted, regardless of whether the estate made a good-faith effort. Therefore, the outcome of the motion could not have been adversely affected by Goudy's inability to conduct discovery concerning the estate's good faith effort to settle the case.
Accordingly, the trial court did not abuse its discretion by denying Goudy's request for a continuance to conduct additional discovery.
 III
Goudy's Assignment of Error is overruled, and the judgment of the trial court is Affirmed.
BROGAN and YOUNG, J.J., concur.