DECISION AND JUDGMENT ENTRY
This appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas in a contract dispute over the assignment of an annuity payment. Because we conclude that the trial court did not err in its determinations, we affirm.
In December 1998, appellant, Duane Tillimon, purchased from Leo Populis the right to an annuity payment of $35,000, due and payable on October 13, 1999. Appellant then contracted to sell this payment to appellee, Jack Polek, for $28,000. Appellee paid appellant that sum. On October 13, 1999, despite having been notified of the assignments, CNA Insurance Company, the issuer of the annuity, sent payment to Populis rather than to appellant. Populis took the money and disappeared, instead of forwarding it to appellant. Appellee then demanded that appellant either pay him the full $35,000 or return the $28,000 payment. When appellant refused to return the purchase price, appellee sued appellant for breach of contract and unjust enrichment.
Appellee moved for summary judgment which was ultimately granted by the court. The court ruled that a "condition precedent," appellant's receipt of payment from CNA, had not occurred, releasing both parties from performance. The court then awarded appellee the return of his $28,000 payment, plus pre-judgment interest.
Appellant, acting pro se, now appeals, setting forth the following seven assignments of error:
 "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DECIDED THAT THERE WAS A CONDITION PRECEDENT IN THE CONTRACT BETWEEN TILLIMON AND POLEK.
 "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THAT THE CONDITION PRECEDENT IN THE CONTRACT WAS NOT MET.
 "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT AWARDED PREJUDGMENT INTEREST WHEN THE DEFENDANT HAD A GOOD FAITH BELIEF HE HAD NO LABILITY.
 "IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT AWARDED PREJUDGMENT INTEREST ON A CIVIL ACTION BASED ON TORTIOUS CONDUCT WITHOUT A HEARING AS REQUIRED UNDER O.R.C. 1343.03(C).
 "V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT AWARDED PREJUDGMENT INTEREST WITHOUT FIRST FINDING THAT TILLIMON FAILED TO ACT IN GOOD FAITH AND THAT POLEK DID ACT IN GOOD FAITH.
 "VI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT AWARDED PREJUDGMENT INTEREST BASED ON STATEMENTS MADE BY PLAINTIFF'S COUNSEL WHERE THEY WERE NO SUPPORTED BY PROOF.
 "VII. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY RENDERING A [sic] OPINION AND JUDGMENT ENTRY NOT BASED ON THE ALLEGATIONS CONTAINED IN THE COMPLAINT."
 I.
We will address appellant's first two assignments together since they concern interpretation of the contract and the alleged breach of its terms. Appellant contends that the trial court erred in finding the existence of a condition precedent in the contract language which he did not fulfill.
Appellant further claims that the contract provided for the sale or assignment of the annuity interest and that he, as an assignor, was no longer a party to the transaction at the time of the CNA payment.
The interpretation of a clear and unambiguous written agreement is, in the first instance, a matter of law for the court. Alexander v. BuckeyePipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. Generally, contracts should be construed so as to give effect to the intention of the parties, as evidenced by the contract language. AultmanHosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 53, citing Employers' Liab. Assur. Corp. v. Roehm (1919), 99 Ohio St. 343, at the syllabus. The court must give effect to the contract's express terms in determining the rights and obligations of the parties and will not "create a new contract by finding an intent not expressed in the clear language used by the parties." Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638; Alexander, supra, at 246.
In this case, the relevant contract language is found in a signed and notarized letter to appellee from appellant, which stated:
 "This letter is to acknowledge the sale to [appellee] of the $35,000 annuity payment due and payable on or about October 13, 1999 which I purchased from Leo Dallis Populis on this date. The sale price to you is acknowledged to be $28,000.00. There are no guarantees or warrantees as to this payment other than those contained in the attached Purchase Agreement between myself and Leo Dallis Populis, the Notice of Assignment from Leo Dallis Populis, the Special Irrevocable Power of Attorney signed by Leo Dallis Populis, the Notice of Fiduciary Obligation signed by Leo Dallis Populis and the Authorization to Release Information signed by Leo Dallis Populis, copies of which are herewith attached along with other non-relevant papers.
 "I agree to transfer to [appellee] the $35,000.00 payment due and payable on October 13, 1999, as soon as I receive such payment from CNA Insurance Company.
 "In the event I am not alive at the time of the aforementioned payment, by this original signed letter, my estate is instructed to assign and endorse the check
from CNA Insurance Company to [appellee]." (Emphasis added.)
We will first determine whether or not under the contract appellant was an assignor and no longer responsible for the payment to appellee. An "assignment" is defined as `"[a] transfer * * * to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein,"' or the `"transfer by a party of all of its rights to some kind of property * * *."' Ledford v. Fleckenstein (Jan. 26, 1998), Warren App. Nos. CA97-05-048, CA97-07-075, citing to Black's Law Dictionary (5 Ed. 1979) at 109. "To transfer" is `"to convey * * * to another" or "specifically, to change over the possession or control of (as, to transfer a title to land)."' Id.
In this case, under the plain language of the letter memorializing the parties' agreement, appellant did not relinquish control over the annuity payment. The payment was first to be issued to him by CNA and then passed on to appellee. Appellant's control extended even after his death, with the agreement which authorized appellant's estate to transfer the CNA payment to appellee. Therefore, we conclude that the contract was for the sale of the actual annuity payment, not an assignment of the right to attempt collection on the annuity.
We now turn to whether the court properly interpreted the contract as containing a "condition precedent." A condition precedent is an occurrence that must take place before a contractual obligation becomes effective. Troha v. Troha (1995), 105 Ohio App.3d 327, 334; Puzzitiellov. Metropolitan Sav. Bank (Nov. 13, 1997), Cuyahoga App. No. 71814, unreported; Hickman v. Murray (Mar. 22, 1996), Montgomery App. No. 15030, unreported. If a condition precedent is not met, a party is excused from performing the duty promised under the contract. Troha,supra at 334; see also, Rudd v. Online Resources, Inc., (Jun. 18, 1999), Montgomery App. No. 17500, unreported.
In this case, the letter specifically states that appellant will transfer payment from the annuity, "as soon as I receive such payment from CNA Insurance Company." In our view, although appellee may have paid appellant the $28,000 payment up-front, appellee bargained and paid for the actual payment which was to be made by CNA to appellant on October 13, 1999. In other words, an event or condition precedent had to occur before the contract was complete. Since appellant never received the payment, the court properly ruled that the parties are both excused from performance under the contract. Consequently, appellee is entitled to the return of the purchase price of $28,000. Therefore, we conclude that the trial court properly interpreted the contract.
Accordingly, appellant's first and second assignments of error are not well-taken.
 II.
We will next address together appellant's third, fourth, fifth and sixth assignments of error, which all concern the award of prejudgment interest.
A plaintiff recovering for breach of contract is entitled to prejudgment interest pursuant to R.C. 1343.03(A). Mayer v. Medanic (Dec. 21, 2001), Geauga App. Nos. 2000-G-2311, 2000-G-2312, and 2000-G-2313, unreported, citing to Royal Elec. Constr. Corp. v. Ohio State Univ. (1995), 73 Ohio St.3d 110, syllabus. R.C. 1343.03(A) entitles interest based on contract to be paid at ten percent of the amount due.
In determining whether to award prejudgment interest in a contract action pursuant to R.C. 1343.03(A) a court need only ascertain whether the aggrieved party been fully compensated. Royal Elec. Constr. Corp. v.Ohio State Univ. (1995), 73 Ohio St.3d 110, 116. In Royal Electric, the Supreme Court of Ohio stated:
 "An award of prejudgment interest encourages prompt settlement and discourages defendants from opposing and prolonging, between injury and judgment, legitimate claims. Further, prejudgment interest does not punish the party responsible for the underlying damages as suggested by appellees, but, rather, it acts as compensation and serves ultimately to make the aggrieved party whole."
Consequently, in an action based upon contract claims, the award of prejudgment interest is not discretionary and the good faith of either party is not a prerequisite. Commsteel, Inc. v. Bender Constr., Inc. (Dec. 3, 1998), Cuyahoga App. No. 74189, unreported. Id. Factual determinations regarding when the claim became due and payable and the rate of interest (subject to the legal limit imposed by R.C. 1343.03), however, are within the sound discretion of the trial court. See Landisv. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342 and Royal Elec.,supra.
We further note that the "hearing" provision of R.C. 1343.03(C) refers to interest "on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct." R.C. 1343.03(A), pertaining to interest awarded on contract actions, contains no such hearing requirement. Moreover, even presuming that a hearing was required, a "hearing" does not necessarily require conducting a formal proceeding with oral arguments. Where a court receives adequate written evidence from both parties, a "hearing" may be either oral or written. See Ohio Motor Vehicle Dealers Bd. v. Cetnral Cadillac Co. (1984),14 Ohio St.3d 64, 67; Gil Lieber Buick Oldsmobile, Inc. v. Motor VehicleDealers Bd. (1984), 16 Ohio App.3d 124.
In this case, since appellee's cause of action was based upon contract, R.C. 1343.03(C) and its hearing provisions do not apply. In addition, the parties had adequate opportunity and did present written evidence regarding the accrual date. The record supports the trial court's finding that interest accrued from October 13, 1999, the date that appellant had promised to pay appellee. Therefore, the trial court properly awarded prejudgment interest pursuant to RC. 1343.03.
Accordingly appellant's third, fourth, fifth, and sixth assignments of error are not well-taken.
 III.
Appellant, in his seventh assignment of error, claims that the trial court based its judgment on issues which were not alleged in the complaint.
Appellee's complaint set forth a claim for breach of contract, alleging that appellant failed to perform according to the contract terms. The trial court interpreted the contract language and determined that a condition precedent, appellant's receipt of the payment, had not been met. Therefore, this determination is encompassed in the allegations pleaded and appellant's argument has no merit.
Accordingly, appellant' seventh assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., and Mark L. Pietrykowski, P.J., CONCUR.