JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Michelle Mastantuono, appeals from the judgment of the common pleas court dismissing her administrative appeal from a decision of the Olmsted Township Board of Zoning Appeals for lack of prosecution. We reverse and remand.
I. Trial Court Dismisses Appeal
 {¶ 2} In June 2007, Mastantuono filed an application with the Olmsted Township Building Department requesting a second access drive to property she owned in Olmsted Township. The Building Commissioner denied the application. Mastantuono appealed that decision to the Olmsted Township Board of Zoning Appeals (BZA), which heard and denied her appeal on October 17, 2007.
 {¶ 3} On November 16, 2007, Mastantuono filed an appeal of the BZA's decision to the common pleas court pursuant to Chapters 2505 and 2506 of the Revised Code. On December 14, 2007, Mastantuono filed a praecipe and affidavit in which she requested that the BZA transmit the complete record of its proceedings to the common pleas court. That same day, the BZA filed in the common pleas court its records regarding Mastantuono's application and its denial of her appeal, which included draft, rather than final, minutes of the October 17, 2007 hearing. *Page 4 
 {¶ 4} Counsel for appellees subsequently filed a notice of appearance on January 7, 2008. The trial court held a case management conference on February 25, 2008 at which all counsel were present.
 {¶ 5} On the same day, Mastantuono filed a motion to consolidate her appeal with a declaratory judgment action she had filed against the BZA and other defendants, in which she asserted that the defendants' denial of her request had resulted in a taking of her property and a violation of various constitutional rights.
 {¶ 6} Also on February 25, 2008, Mastantuono filed objections to the BZA's filing of the record. Mastantuono asserted that the record was not complete as it did not contain a verbatim transcript of the October 17, 2007 hearing and did not contain any findings of fact by the BZA to support its final decision, as required by R.C. 2506.03(A)(5). Mastantuono asserted that under R.C. 2506.03(B), the BZA's failure to file the complete record required the court to hold a hearing to decide the appeal on the record as filed plus any additional evidence presented by the parties. Mastantuono filed an affidavit, as required by R.C. 2506.03(A), to substantiate her assertion that the record filed by the BZA was incomplete. She also filed a notice of intent to file a verbatim transcript of the October 17, 2007 hearing, and indicated that she had requested a verbatim transcript from the court reporter. *Page 5 
 {¶ 7} Despite Mastantuono's filings, four days later, on February 29, 2008, appellees filed a motion to dismiss Mastantuono's appeal for lack of prosecution. They argued that the BZA had filed the record on December 14, 2007, but Mastantuono had not filed her brief 20 days after its filing, as required by Rule 28 of the Local Rules of Practice of Cuyahoga County Common Pleas Court.[1] Mastantuono did not file any response to appellees' motion.
 {¶ 8} Subsequently, on March 21, 2008, without a hearing, the trial court denied Mastantuono's motion to consolidate and granted appellees' motion to dismiss.
 {¶ 9} Mastantuono now appeals.
II. Administrative Appeals Must Be Decided Upon Their Merits
 {¶ 10} Mastantuono assigns 11 errors for our review, all of which assert that the trial court erred, for various reasons, in dismissing her appeal without a hearing. Her seventh assignment of error, which asserts that Local Rule 28 is invalid to the extent it conflicts with her statutory right to a hearing under R.C. Chapter 2506, is dispositive of her appeal.
 {¶ 11} R.C. Chapter 2506 provides the procedures to be followed in an appeal to the common pleas court from a final decision of any agency of a *Page 6 
political subdivision. Under R.C. 2506.03, the "hearing of such appeal shall proceed as in the trial of a civil action." After a hearing, the court "may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. Consistent with its findings, the court may either "affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." Id.
 {¶ 12} In light of these statutory requirements, the trial court had no authority to dismiss Mastantuono's appeal without complying with the mandatory requirements of R.C. 2506.04 to hear the appeal and issue findings regarding whether the BZA's order was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."
 {¶ 13} This court reached the same conclusion in Minello v. OrangeCity School Dist. Bd. of Educ. (Dec. 16, 1982), 8th Dist. No. 44659. In that case, the appellant appealed to the State Personnel Board of Review, seeking review of the School District's failure to renew her employment contract. After the State Personnel Board of Review issued an order that it lacked subject matter jurisdiction over her appeal, appellant filed an appeal to the common pleas court *Page 7 
under R.C. 119.12.[2] The trial court subsequently granted the School District's motion to dismiss the appellant's appeal because she had not filed her assignments of error and brief as required by Local Rule 28.
 {¶ 14} On appeal, this court found that the statutory procedures to be used in perfecting an administrative appeal to the common pleas court are "mandatory provisions" that "require strict compliance." Id. Thus, this court found that the trial court's dismissal of the appellant's appeal, without a hearing upon the record and evidence submitted was "in contravention of the mandatory appeal procedure" outlined in the statute "as well as contrary to the express language of Local Rule 28." Id.
 {¶ 15} In support of its conclusion, this court cited Grecian Gardensv. Bd. of Liquor Control (1964), 2 Ohio App.2d 112, a case in which the Tenth District likewise found a dismissal of an administrative appeal for lack of prosecution pursuant to a local rule an improper application of the local rule, because it allowed for dismissal of an administrative appeal without examination of the record, as required by statute. The Tenth District specifically found that local procedural rules may be enforced only to the extent they do not conflict with statutes and therefore, to the extent the local rule allowed dismissal without the finding required by R.C. 119.12, it was invalid. *Page 8 
 {¶ 16} This court also cited Contris v. Bd. of Liquor Control (1957),105 Ohio App. 287, which involved an appeal of a judgment rendered by the Administrative Board of Liquor Control. Again the trial court dismissed the appellant's appeal upon a motion to dismiss for lack of prosecution. The Tenth District reversed, finding that "the Legislature intended that the appellant is entitled to a hearing on the appeal in the court of common pleas" and that the provisions requiring a hearing in the common pleas court are "mandatory." Id. at 291.
 {¶ 17} In light of these cases, this court held in Minello that the trial court had improperly dismissed the appellant's appeal, "without first providing appellant the statutorily conferred right to a hearing upon the merits of her claim." Id. It explained that "[t]he determination of this court is in accordance with the provisions of R.C. 119.12 and Local Rule 28, and further upholds the legislative policy and intent of providing a claimant the right to judicial review upon the merits of an appeal raised from an order or judgment rendered by a state administrative agency." Id.
 {¶ 18} This court reached the same result in Goehringer v. CuyahogaCty. Welfare Dept. (Nov. 17, 1983), 8th Dist. No. 46700, which involved an appeal from the trial court's dismissal of appellant's appeal under Local Rule 28 for failure to file his brief within 20 days of the filing of the record. This court reversed the dismissal, finding that "fairness and justice are best served when a court *Page 9 
disposes of a case on the merits" and that "the common pleas court was without authority *** to dismiss the appeal on the ground of plaintiff's failure to file his brief timely." Id.
 {¶ 19} Other courts have reached the same conclusion on similar facts. See Adams v. Canton Civil Svc. Comm. (Nov. 26, 1984), 5th
Dist. No. CA-6448 ("R.C. 119.12 does not permit the dismissal of such an appeal without examination of the record to find whether the order is or is not supported by reliable, probative and substantial evidence.");Feiertag v. Dept. of Liquor Control (Dec. 22, 1982), 12th
Dist. No. 53 (same; also "[t]o the extent that the local rules conflict with the statutes involved herein, they may not be imposed."); Red Hotz,Inc. v. Liquor Control Comm. (Aug. 17, 1993), 10th Dist. No. 93AP-87 (same).
 {¶ 20} We find no distinction between the statutory requirements of a hearing and findings set forth in R.C. Chapter 119 and those in R.C. Chapter 2506. Accordingly, we hold, as in Minello, that the trial court was without authority to dismiss Mastantuono's appeal under Local Rule 28 for failure to timely file her brief. Mastantuono has a statutory right to a decision upon the merits of her claim.
 {¶ 21} In assignments of error one through five, Mastantuono argues that the trial court erred in dismissing her appeal because, in light of her R.C. 2506.03 affidavit that the record filed by the BZA is incomplete, she is entitled to a hearing at which the parties may present additional evidence. We do not reach *Page 10 
this issue as the trial court did not decide it; it must be addressed upon remand. Accordingly, assignments of error one through five are overruled.
 {¶ 22} Appellant's seventh assignment of error is sustained; assignments six, eight, nine, ten and 11 are overruled as moot.
Reversed and remanded.
It is ordered that appellant recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] Local Rule 28 governs appeals to the common pleas court and provides that an appellant shall file his assignments of error and brief within 20 days after the filing of a complete transcript of all the original papers, testimony, and evidence heard and considered with respect to the order appealed from.
[2] R.C. Chapter 119 governs administrative procedure regarding state agencies; R.C. 119.12 governs an appeal by a party adversely affected by an order of an agency issued pursuant to an adjudication. *Page 1